PEOPLE ex rel. HERBERT D. LEWIS, Plaintiff, *v.* ROBERT LUDLOW FOWLER, a Surrogate of the County of New York, Defendant.*

(Supreme Court, New York Special Term, May, 1919.)

**Depositions — power of surrogate to grant order for examination before trial — wills — when writ of mandamus will issue — Code Civ. Pro. §§ 872 et seq., 2770.**

By section 2770 of the Code of Civil Procedure all of the provisions of said Code are made applicable to proceedings in Surrogates' Courts so far as they can be applied to the substance and subject matter of a proceeding without regard to its form.

Under section 872 *et seq.* of the Code of Civil Procedure the surrogate on a contested probate, after the filing of objections and a demand for a jury trial, has power to grant an order for the examination of the proponent of the will before trial.

---

* See *Matter of Hodgman, ante,* page 70.

Supreme Court, May, 1919.          [Vol. 107.

Where the refusal of the surrogate to sign such an order is put upon the ground of want of power to grant it, a writ of mandamus to compel him so to do, will issue.

APPLICATION for a mandamus to compel one of the surrogates of the county of New York to grant an application for the examination before trial of an adverse party in a contested will proceeding.

Horwitz & Rosston (Otto Horwitz, of counsel), for motion.

Anthony J. Barrett, for defendant.

WHITAKER, J.   In February, 1919, John A. Lewis filed a petition in the Surrogate's Court of the county of New York, praying for the probate of a certain paper writing, bearing date the 9th day of October, 1911, as the last will and testament of Rosetta L. Hodgman. A citation was issued by Hon. Robert Ludlow Fowler, surrogate, directing Herbert D. Lewis and John A. Lewis, the executor named in the will, to show cause why the will of said Rosetta L. Hodgman should not be admitted to probate as a will of real and personal property. Herbert D. Lewis, one of the next of kin and heirs at law, filed objection to the said will and demanded a jury trial. A jury trial was ordered and the issues were duly set for trial.

On April 7, 1919, the objector, Herbert D. Lewis, made application to the surrogate for an order directing John A. Lewis, the proponent of the will, to appear for examination before trial pursuant to section 872 of the Code of Civil Procedure. On April 17, 1919, the surrogate refused to grant the application and sign the order. It is not claimed that the application was not in proper form. The ground of the surrogate's refusal was that the proceeding for the probate of a will is a special proceeding and not an action at law; that it was a proceeding *in rem* and that section 872

*et seq.* of the Code did not apply and that the surrogate had no power to grant the order.

The question to be determined is whether or not the surrogate has the power to grant an application for the examination of a party before trial under section 872 *et seq.* of the Code of Civil Procedure.

Section 870 of the Code provides that the deposition of a *party to an action* in a court of record may be taken.

Section 872 of the Code provides that the person desiring to take a deposition may present to the judge of the court " in which *the action* " is pending, an affidavit setting forth certain matters.

Section 873 of the Code provides that the judge to whom such an affidavit is presented " must " grant the order for the examination.

The provisions of section 873 are mandatory if the application is made in good faith.

It will be observed that the provisions of section 870 *et seq.* refer to actions and do not mention special proceedings, and were there no other provisions of the Code applicable the learned surrogate would have no doubt been right in holding that he had no authority to grant the application.

There is another provision of the Code, however, which the relator contends makes section 870 *et seq.* applicable to Surrogates' Courts. This provision is contained in section 2770 and reads as follows:

" *Certain provisions made applicable to proceedings in surrogates' courts.* Except where a contrary intent is expressed in, or plainly implied from the context of, a provision of this chapter, all other portions of this act, and the general rules of practice apply to surrogates' courts and to the proceedings therein, so far as they can be applied to the substance and subject matter of a proceeding without regard to its form."

This provision is contained in chapter 18, and I find nothing in that chapter expressing or implying an intent that section 870 *et seq.* shall not apply to trials of issues in Surrogates' Courts.

Section 2770 is remedial in its character and should have a fair and reasonably liberal construction. The provisions of the entire Code are made applicable to proceedings in Surrogates' Courts by section 2770 " so far as they can be applied to the substance and subject matter of a proceeding without regard to its form."

It may be observed in passing, although not directly appurtenant to the question under discussion, that section 881 of the Code provides as to when a deposition of a witness taken under section 870 *et seq.* may be read either in an action or in " any special proceeding " specified in the original affidavit upon which the order is obtained.

Section 870 *et seq.* " can " certainly be applied to a contemplated jury trial in the Surrogate's Court. There is no substantial difference between the trial of an issue of fact in the Surrogate's Court before a jury and the trial of an issue of fact in the Supreme Court. The main purpose of trials in both courts is similar. The simple fact that one is named a special proceeding and the other an action should not of itself deprive a party to a trial in a special proceeding of a right or remedy accorded to a party in the trial of an action at law. Section 2770 should not be so narrowly construed as to grant a right to a party in an action at law and withhold it from a party in a special proceeding involving the trial of an issue of fact.

*Matter of Plumb*, 64 Hun, 317, decided by the General Term and affirmed by the Court of Appeals (135 N. Y. 661), is, I think, an authority for holding that section 2770 makes section 872 *et seq.*

applicable to proceedings in Surrogates' Courts. The court held in that case that section 2538 of the Code made the provisions of sections 887 and 888 (providing for the issuing of a commission only in actions and not in special proceedings) applicable to accounting proceedings in the Surrogate's Court.

The provisions of section 2538 and section 2770 were practically the same, except that section 2538 provided specifically that certain titles and articles should apply to proceedings in Surrogates' Courts, while section 2770 refers to all the sections in the act without naming them specifically.

The motion for a mandamus should be granted, without costs.

Motion granted, without costs.